**Darlene M. ROBINSON**

v.

**HYUNDAI MOTOR AMERICA.**

**Civ. A. No. 87–7496.**

United States District Court,
E.D. Pennsylvania,
Civil Division.

April 5, 1988.

Alan R. Freedman, Holland, Pa., for plaintiff.

Bryan D. McElvaine, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

Before me is DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS (filed January 19, 1988). The motion is made pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter, and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons given below, I will deny the motion except with regard to Count IV of the complaint.

The threshold question is that of jurisdiction over the subject matter. Title 28 U.S.C. § 1332(a) provides:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and is between—

(1) citizens of different states ..."

Since defendant does not dispute diversity of citizenship, the only question is the jurisdictional amount. Defendant concedes that:

"The rule governing dismissal for want of jurisdiction in cases brought before the federal court is that, unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283 [58 S.Ct. 586, 82 L.Ed. 845] (1938)."

Therefore, the question is whether the plaintiff's claim of an adequate jurisdictional amount is made in good faith. This depends, in this case, on the items that can properly be included in the jurisdictional amount. Defendant contends that only the purchase price of the car less a "reasonable allowance for the purchaser's use of the vehicle not exceeding 10¢ per mile driven or 10% of the purchase price of the vehicle, whichever is less." 73 P.S. § 1955. In addition, defendant concedes that a reasonable attorney's fee may be included. 73 P.S. § 1958. Defendant contends that the purchase price of the car is $8,971.00 and that the allowance for reasonable use is $1,247.00, leaving a balance of $7,724.00, which is $2,276.00 short of the jurisdictional amount. Defendant further contends that a reasonable attorney's fee in a matter of this kind cannot equal $2,276.00. I disagree.

The Pennsylvania Automobile Lemon Law, 73 P.S. § 1951 et seq., provides at § 1955 that one of the remedies available to the purchaser is a refund of "the full purchase price including all collateral charges ..." The term "collateral charges" is not defined. Included in the Pennsylvania Motor Vehicle Installment Sale Contract dated August 8, 1986 between plaintiff and defendant's agent Key Hyundai, Inc. are the terms Finance Charge ($2743.08), Amount Financed ($8871.00) and Total Sale Price ($11,714.08). In determining the recission value of the contract, I must look at the relevant portion of the Pennsylvania Motor Vehicle Sales Finance Act, 69 P.S. § 622 B, which provides:

"Whenever all of the time balance is liquidated prior to maturity by prepayment, refinancing or termination by surrender or repossession and re-sale of the motor vehicle, the holder of the installment sale contract shall rebate to the buyer immediately the unearned portion of the finance charge. Rebate may be made in cash or credited to the amount due on the obligation of the buyer."

Based on the foregoing, I find that the recission value of the contract is the total sale price ($11,714.08), less that portion of the finance charge not earned at the time of surrender of the vehicle (a figure to be calculated at that time) and also less the reasonable allowance for use, based on the lesser of 10¢ per mile driven at the time of notification or 10% of the purchase price (sale price less unearned finance charge). While this figure cannot be exactly calculated at this time, it is clearly close enough to $10,000.00 that reasonable attorney's fees could easily bridge the gap. There is, however, another factor in plaintiff's favor for this purpose. The Pennsylvania Automobile Lemon Law, at 73 P.S. § 1961, triggers the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1 et seq. The measure of damages specified under 73 P.S. § 201–9.2 is "up to three times the actual damages sustained." Even if there is no finding of treble damages, this provision would allow incidental damages. Since recovery under the Unfair Trade Practices and Consumer Protection Law is statutory, it would not be limited by manufacturer's limited warranty. Therefore, I find that the claim of jurisdictional

amount is apparently made in good faith and that there is not a legal certainty that the claim is really for less than the jurisdictional amount.

Next I will rule on defendant's contention that the words "may bring a civil action in the Court of Common Pleas" divests this court of jurisdiction under 73 P.S. § 1958. The language of the statute is permissive and is clearly subject to interpretations other than that given by defendant. For example, the jurisdiction is given to Courts of Common Pleas instead of some lower court or administrative agency. In any event, I will take jurisdiction of the claim under the Pennsylvania Automobile Lemon Law.

In determining whether plaintiff's claim under that law states a claim under which relief can be granted, I look at one key set of facts, the overall record of the brake system of the car, as alleged by plaintiff and acknowledged by defendant. In its first 16,652 miles of use, major components of the brake system were changed four times. The mean time between failures of this critical system is therefore 4,163 miles. This states the most favorable case for defendant. The car was actually brought in two other times for attention to the brake system. If I count these times, the mean time between failures becomes 2,775 miles. The failure leading to the most recent listed repair was a total failure of the brake system. This happened, ironically, a little over a month after plaintiff had, mistakenly it turns out, expressed her appreciation for the car finally being fixed correctly. These allegations, which on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be viewed in the light most favorable to plaintiff, are sufficient to keep her in court. Under Fed.R.Civ.P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff's contention is that the failure rate of the brake system in this automobile goes far beyond the ordinary wear and tear that a purchaser would expect to be excluded from the manufacturer's warranty. It is her further contention that this failure rate was dangerous, given that she experienced a brake failure only 4,174 miles after the pads had been replaced, and that this failure came without adequate warning. It is her further contention that the repairs made under the warranty did not cure the defect, an undiagnosed condition that caused abnormal brake wear and roughness, but only the manifestation of that defect, worn out pads and rotors. Whether, in fact, such a defect existed, or whether, as contended by defendant, the car was subject to abuse, are issues of fact. Defendant has documented the repairs which plaintiff alleges have been so abnormal as to constitute a nonconformity under the Lemon Law. Plaintiff alleges that failure to effect an adequate repair constitutes bad faith under the Unfair Trade Practices Law and a breach of the warranties under the Uniform Commercial Code. While plaintiff may not ultimately be able to bear the burden of going beyond the express warranty, the claim under the Uniform Commercial Code is based on the same facts as Counts I and II, and is duplicative rather than cumulative. I will not dismiss Count III at this time.

Since the motion to dismiss Count IV is uncontested, that count will be dismissed.

An appropriate order follows.

### ORDER

AND NOW, this 5th day of April, 1988, it is hereby ORDERED that the Motion of Defendant, Hyundai Motor America, to Dismiss the Plaintiff's First Amended Complaint is hereby DENIED with respect to Counts I, II and III. Defendant's Motion to Dismiss Count IV of the First Amended Complaint is GRANTED.