**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

v.

**Howard L. SCHAMBELAN.**

**Howard L. SCHAMBELAN**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

**Civ. A. Nos. 89–781, 89–1349.**

United States District Court, E.D. Pennsylvania.

June 8, 1990.

---

Howard L. Schambelan, Narberth, Pa., pro se.

Richard L. McMonigle, Jr., McKisseck & Hoffman, P.C., Philadelphia, Pa., for State Farm Mut. Auto. Ins. Co.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

The litigation between these parties was initiated by Howard L. Schambelan, Esq., with the filing of a motion for arbitration in the Philadelphia Court of Common Pleas. Mr. Schambelan's dispute with State Farm Mutual Automobile Insurance Company ("State Farm") arises out of a traffic accident which occurred on Kelly Drive in August of 1987. According to Mr. Schambelan, while driving upon Kelly Drive, he rounded a corner and was confronted head on by an automobile traveling in his lane of traffic. As described by Mr. Schambelan, his vehicle did not make contact with the oncoming vehicle, only because Mr. Schambelan swerved to the right, traveling over a curb and coming to rest on a grassy verge. According to Mr. Schambelan, he struck the curb with sufficient force to cause his shirt to be ripped, and to "possibly cause[ ] damage to his vehicle." Response, p. 7.

The oncoming vehicle, later determined to be driven by a drunk driver, struck a second car, causing the second car to flip into the air. This collision was witnessed by Mr. Schambelan. Mr. Schambelan reports that he was shaken by his near miss, but nonetheless went back to the scene of the collision to offer assistance. There he was confronted with the gruesome sight of Deborah Conner, the driver of the second car, with her "skull ... broken open ... [and] stuff coming out of back of skull."[1] Mrs. Conner was pregnant. There was also a second woman in the car who was "bleeding profusely,"[2] and children. Mr. Schambelan assisted the drunk driver, who was pinned to his seat by the steering wheel of his car.

As a result of the accident, Mr. Schambelan claims that he has suffered stress and depression, recurrent nightmares, and that he has suffered from sleeplessness and at least one bad headache. He consulted with a psychologist, Adrienne Goie, Ph.D., who diagnosed him as having acute Post–Traumatic Stress Disorder ("PTS"). In Dr. Goie's opinion:

> The prognosis is good at this point, and if the diagnosis is correct, than the anticipated length of treatment would be six months.

Response, Exhibit "HS–3".

Soon after the accident, Mr. Schambelan notified State Farm, his insurance carrier, of his claim pursuant to the medical payments and uninsured motorists[3] provisions. The medical payments requested for Dr. Goie's services came to $300.00, represent-

---

1. As reported to Adrienne Goie, Ph.D., the psychologist counselling Mr. Schambelan.

2. *Id.*

3. The driver of the vehicle causing the accident had no insurance.

ing four visits at $75.00 per visit. According to the record, at the time the claim was presented to State Farm, no specific amount was requested for that part of the claim, now labelled "emotional distress," brought pursuant to the uninsured motorists provision. After correspondence and an interview with Mr. Schambelan, and review of Dr. Goie's report, State Farm refused to pay the claim, on the grounds that "no physical injury [was] a direct result of the occurrence." Response, Exhibit "HS–3".

At this point Mr. Schambelan, then acting *pro se,* filed on January 25, 1989, a state court action seeking arbitration pursuant to an arbitration clause in the insurance contract. State Farm's response was to file in this court civil action 89–0781, seeking a declaratory judgment. The jurisdictional ground cited by State Farm was diversity jurisdiction, asserting the face value of the policy as the jurisdictional amount; in his answer Mr. Schambelan asserted as a defense that this court does not have subject matter jurisdiction because the amount in controversy is less than $10,000.00. State Farm then removed the state court action, also on the basis of diversity jurisdiction. That "second" case was filed as a case related to No. 89–0781.

Currently before the court is State Farm's summary judgment motion. In support of its motion, State Farm argues (1) that this dispute is not subject to arbitration; (2) that the claim for medical payments must be denied because, pursuant to the policy, medical payments are only covered if there is a "bodily injury," and that Mr. Schambelan did not suffer "bodily injury"; and (3) that emotional distress may not be recovered pursuant to Pennsylvania insurance law absent a "bodily injury" or some other physical manifestation.

In response, Mr. Schambelan asserts that (1) the court lacks subject matter jurisdiction; (2) he did suffer "bodily injury" and can therefore recover under both contract provisions; (3) Pennsylvania case law allows the term "bodily injury" in insurance contracts to include emotional distress arising from a near miss; and (4) Pennsylvania

insurance law regarding uninsured motorists would also allow recovery in this instance. Mr. Schambelan's papers do not offer guidance on State Farm's argument that this claim is not subject to arbitration.

It is my conclusion that the amount in controversy does not meet the jurisdictional requirements in force at the time of the filing of the first complaint and the removal of the second complaint. Accordingly, I will dismiss civil action no. 89–0781, and remand civil action no. 89–1349.

## DISCUSSION

In its jurisdictional statement, State Farm contends this court has jurisdiction pursuant to 28 U.S.C. § 1332(a) since:

[d]iversity of citizenship exists between the parties to this action. At the time suit was initiated, the amount in controversy required was $10,000.00. The applicable policy limits for Schambelan's Uninsured Motorist Coverage under the State Farm policy was $50,000.00 per person and $100,000.00 per occurrence. *See* affidavit of David Bonebrake, attached hereto. Because State Farm's policy limit exposure is greater than the jurisdictional requirement for this Court, jurisdiction is proper here. *See Manze v. State Farm Insurance Company,* 817 F.2d 1062 (3d Cir.1987).

Motion, n. 1, p. 2.

In arguing that the jurisdictional amount, $10,000, has not been met by State Farm, Mr. Schambelan offers an affidavit from Mr. Schambelan disavowing any claims greater than $10,000.00:

I have at no time communicated to State Farm that my claims were in excess of $10,000.00, and indeed I have communicated to them that my claims were in fact less than $10,000.00.

Response, Exhibit "HS–2". Thus, according to Mr. Schambelan, *Manze v. State Farm, supra,* relied on by State Farm, is distinguishable on its facts. Response, p. 3.

In *Manze,* a diversity case, the Third Circuit was faced with the situation presented here by the removed case—that is, a petition for appointment of an arbitra-

tor filed in a Pennsylvania court and removed to a federal court. As here, the question was whether the case involved more than $10,000.00. In resolving the question, the Third Circuit adopted the approach followed by the Second Circuit in *Davenport v. Procter & Gamble Manufacturing Co.*, 241 F.2d 511, 513 (2d Cir.1957). Observing that "the controversy has no ascertainable money value since it is a demand solely to compel arbitration," the Second Circuit decided to "look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as a goal a judgment affirming the award." *Davenport, supra,* 241 F.2d at 514. Pursuing the same analytic path, the Third Circuit in *Manze* found that plaintiff "never claimed less than $10,000" (817 F.2d at 1068), and therefore, given that the policy limits were $15,-000.00, concluded that the amount in controversy was jurisdictionally sufficient.

*Manze,* resting on *Davenport,* does not stand for the proposition that the policy limit controls; rather, *Manze* directs district courts to look to the nature of the specific claim to be arbitrated. *See also Allstate Insurance Co. v. Hilbun,* 692 F.Supp. 698, 701 (S.D.Miss.1988) (after looking to the claim, the court concluded that "[P]laintiff's interesting choice of phraseology certainly leaves open a possibility that she will ultimately seek more than $10,000 in actual damages."); *Cf. Canal Insurance Co. v. Occidental Fire & Casualty Co. of N.C.,* 462 F.Supp. 512, 514 (W.D.Okla.1978) (looking to actual amount of claim which could be assessed against a secondary insurer).

4. This figure, added to the $300.00 claimed for medical payments, would represent a total claim of $10,000.00.

5. State Farm makes the final argument that Mr. Schambelan, in his *pro se* counter claim to the declaratory judgment action, "has asked this Court to award compensatory and punitive damages," and that "any fair reading of these allegations would suggest that Schambelan's claim for benefits and/or damages exceeds $10,-000.00." Reply, p. 2. It is true that "[p]unitive damages can be included in the amount in con-

The record developed for summary judgment indicates that the amount in controversy is, as claimed in Mr. Schambelan's affidavit, less than $10,000.00. The claims submitted were based on the opinion supplied by Dr. Goie. That opinion, which has not been supplemented by Dr. Goie or any other professional, expected Mr. Schambelan's condition to be of limited duration, and, indeed, Mr. Schambelan's deposition testimony indicates that most of his symptoms and discomforts have tapered off. Motion, Exhibit "G", pp. 83–94. Without belittling the impact the accident seems to have had on Mr. Schambelan, it is my view that the $9,700.00 maximum value[4] he has placed on this limited emotional distress claim is fully supported by the nature of the claim.[5] Since it appears that the amount in controversy does not exceed $10,000.00, the jurisdictional amount required at the time these cases were brought to this court, it is my conclusion that this court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

### Conclusion

Accordingly the declaratory judgment action will be dismissed and the petition for arbitration remanded in an accompanying order.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. State Farm Mutual Automobile Insurance Company's complaint for declaratory judgment is DISMISSED; and

2. *Schambelan v. State Farm Mutual Insurance Co.,* Civil Action No. 89–1349, is

troversy requirement if, under the governing law of the suit, they are recoverable." *Allstate v. Hilbun, supra,* 692 F.Supp. at 701. It has not been argued that punitive damages are, in fact, recoverable under Pennsylvania insurance law. Even assuming such a claim is cognizable, Mr. Schambelan's pre-trial memorandum, prepared by counsel, and filed prior to the filing of State Farm's motion for summary judgment, represents that the only damages sought by Mr. Schambelan are for medical expenses and emotional distress.

REMANDED to the Pennsylvania Court of Common Pleas.