Phyllis M. MILLER, Individually and as the Administratrix of the Estate of Jay Elmer Miller, deceased, Plaintiff,

v.

**LIBERTY MUTUAL GROUP, Defendant.**

No. CIV. A. 99–225 J.

United States District Court, W.D. Pennsylvania.

May 17, 2000.

---

Michael J. Wilson, Camp Hill, PA, for Phyllis M. Miller, plaintiff.

Gerald J. Hutton, Baginski & Bashline, Pittsburgh, PA, for Liberty Mutual Group, defendant.

## MEMORANDUM AND ORDER

D. BROOKS SMITH, District Judge.

Plaintiff, Phyllis M. Miller ("Miller"), has filed three motions in this matter: 1) a motion to remand this case to state court; 2) a motion to dismiss the defendant's counterclaim; and 3) a motion to stay relief upon a motion to amend filed by the defendant. I will deny all three motions.

### Background

On October 6, 1997, Jay Elmer Miller ("Mr.Miller") was driving a vehicle owned by his employer when he was struck and killed by an oncoming truck. Dkt. no. 1, Ex. A. At the time of the accident, Mr. Miller's employer had a motor vehicle insurance policy that covered the vehicle that Mr. Miller was driving. *Id.* ¶¶ 7–8. That insurance policy was issued by defendant, Liberty Mutual Group (hereinafter "Liberty Mutual"), *id.* ¶ 8, and it contained a bodily injury liability limit of $2,000,000.[1] As Administratrix of Mr. Miller's estate, plaintiff, Phyllis Miller, filed this action in the Court of Common Pleas of Cambria County, Pennsylvania. In her complaint, she sought declaratory judgment on a number of issues concerning the insurance policy issued by Liberty Mutual. *Id.* at 7. First, plaintiff sought a determination of whether the insurance policy provided under insured motorist ("UIM") coverage for Mr. Miller's injuries and death. *Id.* Second, if the policy did require such coverage, she sought a determination of precisely how much UIM coverage was available under the policy. *Id.* Plaintiff did not ask the Court of Common Pleas to award damages; rather, she asked the court only to work out the rights and responsibilities between the parties.

Soon after Liberty Mutual was served with plaintiff's complaint, it removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1446(a)-(b). Dkt. no. 1. In its notice of removal, Liberty Mutual claimed that federal jurisdiction over this action was proper under 28 U.S.C. § 1332. In particular, defendant alleged that there was diversity of citizenship between the parties, dkt. no. 1, ¶ 7, and that the amount in controversy exceeded $75,000. Dkt. no. 1, ¶ 5. Only days after removing this case, Liberty Mutual filed an answer and counterclaim to plaintiff's complaint. Dkt. no. 2.

In response to Liberty Mutual's removal of this action, plaintiff filed a motion to remand the case to the Court of Common Pleas. Dkt. no. 3. In her motion, plaintiff claimed that the case was improperly removed because this court lacks jurisdiction under 28 U.S.C. § 1332(a). In particular, she alleged that § 1332(a)'s $75,000 amount in controversy requirement is not satisfied because she sought declaratory relief—and not damages—from the defendant. Dkt. no. 3, ¶ 12; Dkt. no. 4, at 10. In addition, the plaintiff argued that Liberty Mutual had denied owing plaintiff any money whatsoever and, therefore, could not claim that this case was valued over $75,000. Dkt. no. 3, ¶ 8.

Plaintiff also filed a motion to dismiss defendant's counterclaim. Dkt. no. 3. In its

---

1. *Defendant submits that it is improperly designated in the complaint as Liberty Mutual Group. It asserts that it should be designated* as Liberty Mutual Fire Insurance Company. Dkt. no. 2, ¶ 2. The parties should address this matter through an appropriate stipulation.

counterclaim, defendant had sought relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff did not attack the substance of this counterclaim. Rather, she argued only that the counterclaim must be dismissed because diversity jurisdiction was lacking. Dkt. no. 3, ¶ 13. "If diversity jurisdiction in this instance fails," plaintiff wrote, "the counterclaim of defendant must be dismissed ...." Dkt. no. 4, at 12.

### *Motion to Remand*

■ I will first take up plaintiff's motion to remand this case to the Court of Common Pleas of Cambria County. 28 U.S.C. § 1441 provides for the removal of actions from state courts. In relevant part, this provision provides as follows:

> (a) ... any civil action brought in a State court of *which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). One instance in which the district courts of the United States have "original jurisdiction" is when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See id.* § 1332(a). Upon a motion to remand, it is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand. *See Batoff v. State Farm Insurance Co.,* 977 F.2d 848, 851 (3d Cir.1992).

■ I have little doubt that the requirements of § 1332(a) have been satisfied in this case. The sole issue raised by plaintiff in her motion is that the $75,000 amount in controversy requirement has not been met.[2] But plaintiff's own complaint demonstrates that the amount in

controversy in this matter far exceeds § 1332(a)'s jurisdictional floor. For instance, in her complaint, plaintiff alleges the following:

> 28. The motor vehicle policy issued by Defendant to Decedent's employer and in effect on the date of the incident alleged herein contained bodily injury liability limits of two million dollars ($2,000,000).
>
> 29. Plaintiff believes, and therefore avers, that the amounts of available UIM coverage of such policy to indemnify her and/or the Estate of Decedent for the injuries to and death of Decedent is equal to the bodily injury liability limits set forth in paragraph 28 ....

Dkt. no. 1, Ex. A, ¶¶ 28–29. In other words, plaintiff contends that she is entitled to upwards of $2,000,000, in accordance with the insurance policy issued by Liberty Mutual. *Id.* Further, in her request for relief, plaintiff specifically asks the court to determine how much UIM insurance is available to her. *Id.* at 7. Consequently, plaintiff herself has placed the $2,000,000 figure in controversy by requesting that the court determine if this is, in fact, the sum that she is due under the insurance policy.

There is yet another reason why plaintiff's claim exceeds the $75,000 amount in controversy requirement. If plaintiff prevails, she will recover much more than $75,000 from Liberty Mutual. The Third Circuit has noted that the amount in controversy "is determined by the underlying cause of action..." *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 877 (3d Cir. 1995). Although plaintiff has not requested damages at this stage, the underlying cause of action in this case is a claim for money under an insurance contract. In fact, my ruling on the declaratory judgment issues in this case will determine

---

**2.** Plaintiff has not raised an issue concerning the citizenship of the parties in this case. Nonetheless, Liberty Mutual's Notice of Removal states that plaintiff is a citizen of Pennsylvania and defendant is a Massachusetts corporation with its principal place of business in Massachusetts. Dkt. no. 1, ¶ 7(a)-(b). I conclude that § 1332's complete diversity requirement has been satisfied.

whether plaintiff is entitled to money under the contract and, if so, the upper limit of that award. All that will be left for plaintiff to do is fight over exactly how much she is due from Liberty Mutual. Given that Mr. Miller suffered the ultimate injury—death—and that the policy limit is $2,000,000, there is no reason to reach any other conclusion than that plaintiff's ultimate recovery will be $75,000 or more.

The mere fact that plaintiff is only seeking declaratory relief at this stage—and not damages—does not alter my decision that the amount in controversy is satisfied. *See Manze v. State Farm Insurance Co.*, 817 F.2d 1062, 1068 (3d Cir. 1987); *Jumara*, 55 F.3d at 877; *West American Insurance Company v. Park*, 933 F.2d 1236 (3d Cir.1991). In fact, the Third Circuit disposed of this very issue in *Manze*. In that case, plaintiff filed a state court complaint seeking to compel arbitration with her insurance company and requesting the appointment of a neutral arbitrator. After the insurance company removed the case to federal court, the plaintiff filed a motion to remand. Plaintiff argued that the federal court lacked diversity jurisdiction, claiming that the amount in controversy requirement was not met because she did not seek an award of damages from the federal court. The Third Circuit rejected that argument and held that the jurisdictional amount in controversy was satisfied even though the action did not seek monetary relief. *Manze*, 817 F.2d at 1068. In fact, the *Manze* court reviewed the insurance policy at issue in the case and noted that the limit on that policy ($15,000) was greater than the jurisdictional amount ($10,000). *Id.* In light of the limit on the insurance policy, the court concluded that "the arbitration might result in an award exceeding the jurisdictional amount." *Id.*

Facing a similar issue in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 877 (3d Cir.1995), the Third Circuit reaffirmed its holding in *Manze*. In *Jumara*, the plaintiffs sought to compel arbitration

with their insurance company in an effort to recover UIM benefits in the amount of $200,000. The defendant claimed that the federal court lacked diversity jurisdiction, alleging that the plaintiffs could not satisfy the jurisdictional amount in controversy because they did not demand any money. The Third Circuit quickly dismissed the defendant's argument. Looking at the insurance policy, the court determined that the plaintiffs could potentially be entitled to $200,000, far in excess of the jurisdictional limit. *Jumara*, 55 F.3d at 877. "Given that the Jumaras allege quite serious injuries and an entitlement to as much as $200,000 in under insured motorist benefits, we cannot say with legal certainty that the Jumara's will recover less than $50,000." *Id.*

The primary case that plaintiff relies on, *Kaufman v. Liberty Mutual Insurance Co.*, 245 F.2d 918 (3d Cir.1957), is easily distinguishable. Contrary to plaintiff's argument, *Kaufman* does not hold that there is no "amount in controversy" when a plaintiff seeks only declaratory relief, and not money damages. *Kaufman*, 245 F.2d at 920. If this were the holding of *Kaufman*, then it is one that is belied by its own facts. Indeed, the facts of *Kaufman* actually demonstrate that a plaintiff can satisfy the amount in controversy requirement, even though she is not seeking damages from the court. In *Kaufman*, the Court of Appeals held that the amount in controversy requirement had not been satisfied, even though the insurance policy at issue in that case exceeded the jurisdictional limit, because the court could not determine "whether the claim against the insurer was for an amount in excess of $3,000 [the jurisdictional requirement]." *Kaufman*, 245 F.2d at 920. The court ordered the district court to dismiss the case "unless by such further proceedings as the district court permits federal jurisdiction is established." *Id.* at 921. On remand, the district court did find that the jurisdictional amount in controversy had been satisfied, *Kaufman v. Liberty Mutu-*

al Insurance Co., 160 F.Supp. 923, 926 (W.D.Pa.1958), and this ruling was upheld by the Third Circuit. Kaufman v. Liberty Mutual Insurance Co., 264 F.2d 863, 865 (3d. Cir.1959). As these facts demonstrate, Kaufman does not stand for the proposition that there is no "amount in controversy" in a declaratory judgment action.

The real significance of Kaufman is that a plaintiff cannot invoke the diversity jurisdiction of the federal courts when there is no way of knowing if her claim will exceed the jurisdictional amount in controversy. See, e.g., Continental Casualty Co. v. Aetna Casualty and Surety Co., 200 F.Supp. 528, 530 (W.D.Pa.1961) (amount in controversy not satisfied because plaintiff sought only $3,000 while amount in controversy threshold was $10,000); Britamco Underwriters, Inc. v. Grzeskiewicz, 1991 WL 218363 (E.D.Pa.1991) (amount in controversy not satisfied because plaintiff asked for judgment in excess of $20,000, but amount in controversy threshold was $50,000). State Farm Mutual Auto. Insurance Co., v. Schambelan, 738 F.Supp. 926, 928–29 (E.D.Pa.1990) explains this general rule quite well. In that case, State Farm brought a diversity action against Schambelan seeking declaratory relief. To satisfy the amount in controversy requirement, State Farm pointed to the face value of the insurance policy at issue, $100,000. At the same time, however, Mr. Schambelan submitted an affidavit in which he stated that his claim was for less than $10,000, the jurisdictional amount in controversy at that time. Schambelan, 738 F.Supp. at 928. Because Mr. Schambelan had asserted that he was seeking less than the jurisdictional limit, the court concluded that it lacked diversity jurisdiction under § 1332(a). Id. at 929.

This is not a case, like Schambelan, where the plaintiff has submitted a sworn affidavit stating that she will ultimately seek less than the jurisdictional amount. Id. at 928. Nor is this a case, like Kaufman, where the plaintiff has failed to provide any indication that her claim will exceed the jurisdictional amount. Kaufman, 245 F.2d at 920. Instead, this is a case that is strikingly similar to the Third Circuit's recent holdings in Manze and Jumara. In both cases, the Third Circuit found the amount in controversy requirement satisfied, even though the claim at issue was for declaratory relief, and not money damages. And in both cases, the court found the face value of the insurance policy helpful in determining the amount in controversy. In light of the holdings in Manze and Jumara, and my analysis above, see supra at 674–75, I conclude that jurisdiction is proper under 28 U.S.C. § 1332(a).[3] Consequently, I deny plaintiff's motion to remand.

### Motion to Dismiss

Plaintiff's motion to dismiss, dkt. no. 3, raises only one issue. In her brief in support of her motion, plaintiff states this issue as follows:

> The Federal Declaratory Judgment Act does not confer jurisdiction to the federal courts. A district court must have independent subject matter jurisdiction over the action, either diversity or federal question. . . . If diversity jurisdiction in this instance fails, which Plaintiff asserts it must, the counterclaim of Defendant must be dismissed pursuant to FRCP 12(h)(3) since jurisdiction in this federal court on that basis alone cannot be sustained.

Dkt. no. 4, at 12. Because I have already concluded that I have diversity jurisdiction over this matter, I deny plaintiff's motion to dismiss defendant's counterclaim.

---

**3.** Plaintiff also argues that Liberty Mutual denies owing plaintiff any money whatsoever and, therefore, cannot claim that this case is valued over $75,000. This argument has little merit. Plaintiff claims that the insurance policy, valued at $2,000,000, applies in this case. Defendant disagrees. The positions of the parties create the very essence of a "controversy," and the amount of that "controversy" is $2,000,000.

### *Motion to Stay Relief Upon Motion to Amend*

I address the final motion in this Memorandum and Order as a matter of housekeeping. Back in November of 1999, defendant filed a motion to amend its answer and counterclaim. Dkt. no. 6. I granted that motion to amend. Soon after I granted the motion, plaintiff filed a motion requesting that I stay any ruling on the motion to amend until I first rule on the plaintiff's motion to remand. Dkt. no. 8. Because I have already granted defendant's motion to amend its complaint, plaintiff's motion to stay is moot and will be denied.

Accordingly it is hereby

ORDERED AND DIRECTED that:

1) plaintiff's motion to remand, dkt. no. 3, is DENIED;

2) plaintiff's motion to dismiss, dkt. no. 3, is DENIED; and

3) plaintiff's motion to stay relief upon motion to amend, dkt. no. 8, is DENIED as MOOT.

The parties will attend a case management conference on the ____ day of _____, 2000 at _____, to be held at 319 Washington Street, Room 104, Johnstown, Pennsylvania.