COREGIS INSURANCE CO., Plaintiff,

v.

Kenneth SCHUSTER, et
al., Defendants.

No. CIV. A. 00–2434.

United States District Court,
E.D. Pennsylvania.

Jan. 17, 2001.

Bryan G. Schumann, David W. Kane, Bollinger, Ruberry & Garvey, Chicago, IL, Steven J. Polansky, Spector, Gadon & Rosen, Philadelphia, PA, for plaintiff.

Sally J. Daugherty, Rawle & Henderson, Philadelphia, PA, for defendant.

## MEMORANDUM.

EDUARDO C. ROBRENO, District Judge.

Presently before the court is defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction (doc. no. 12) and plaintiff's response to defendants' motion to dismiss (doc. no. 14). In addition, plaintiff has requested leave to amend his complaint to plead sufficient facts to establish federal jurisdiction in the event the court grants defendants' motion. Because the plaintiff has not met the burden of proving that its claim satisfies the amount in controversy necessary to establish diversity jurisdiction under 28 U.S.C. § 1332, the court will grant defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Furthermore, the court will deny plaintiff's request to amend its complaint because the plaintiff was given a full and fair opportunity to present evidence that its claim met the minimum amount in controversy required for diversity jurisdiction to attach and failed to meet its burden of proof.

## I.

The parties are in agreement as to the following facts. Coregis Insurance Company ("Coregis") filed the instant complaint seeking declaratory judgment concerning its obligation under a legal malpractice insurance policy issued to defendant Kenneth Schuster, Esq. ("Attorney Schuster") as well as recission of that policy. The complaint alleges that Attorney Schuster has requested that Coregis indemnify and defend him for a malpractice action initiated by former clients. There is no question that the policy is a claims made policy and that the claim arose during the time the policy was in effect. Furthermore, it is undisputed that the extent of the coverage under the policy is $2 million per claim and that the defendants paid a total premium of $16,283 for the policy.

Attorney Schuster's liability stems from his representation of Janna, Janelle and John Willis ("Willises"), co-defendants in this case, who were allegedly injured in a rear-end motor vehicle collision by a vehicle driven by Andrew R. Diederich ("Diederich") on May 30, 1991. On behalf of the Willises, Attorney Schuster commenced an action against Diederich in the Delaware County Court of Common Pleas by the filing of a praecipe for writ of summons[1] seeking personal injury and property damages sustained by the Willises in the accident. For reasons that are

---

1. Under Pennsylvania Rule of Civil Procedure 1007:

An action may be commenced by filing with the prothonotary

(1) a praecipe for a writ of summons, or
(2) a complaint.
Pa.R.Civ.P. 1007.

not apparent on the record, the writ of summons was never served on Diederich.[2] The praecipe for writ of summons, however, did not identify the citizenship of the parties, nor did it state the amount in controversy in the action. As a result of Attorney Schuster's failure to serve Diederich, the Willises commenced an action against Attorney Schuster for legal malpractice and breach of contract[3] by the filing of a praecipe for writ of summons in Delaware County Court of Common Pleas. The praecipe for writ of summons filed by the Willises also did not identify the citizenship of the parties nor did it state the amount in controversy.

Faced with a claim against him by the Willises, Attorney Schuster demanded indemnity and a defense from Coregis under the policy. In turn, Coregis filed a complaint for declaratory judgment and recision of the policy in this court. In the complaint, Coregis alleges that certain exclusionary language contained in the insurance policy relieves it from any duty to indemnify or defend Attorney Schuster regarding the Willises' claim against him. Furthermore, Coregis seeks recission of the policy due to alleged misstatements made by Attorney Schuster to Coregis in connection with the issuance of the policy.

Coregis asserts that the court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the claims involve more than $75,000, exclusive of interest and costs. Although the defendants agree that there is complete diversity between the parties, they dispute whether the amount in controversy exceeds $75,000.

## II.

"It is a truism that the 'inferior' federal courts are courts of limited jurisdiction and have authority to act only where a statute confers it." *Kaufman v. Liberty Mut. Ins. Co.*, 245 F.2d 918, 919 (3d Cir. 1957). In this case, Coregis invokes the diversity jurisdiction of the court under 28 U.S.C. § 1332. To show that diversity jurisdiction is present, Coregis, as the party asserting the jurisdiction of the court, must show that the adverse parties are citizens of different states and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332.[4]

■ There is no issue in this case that the adverse parties are citizens of different states. Therefore, the only issue is whether the amount in controversy meets the jurisdictional threshold. In determining whether the party asserting the jurisdiction of the court has met the amount in controversy requirement, "the sum claimed by the [party asserting the jurisdiction] controls if the claim is apparently made in good faith." *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 96 (3d Cir.1996) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). If, however, the amount in controversy is challenged, the party asserting jurisdiction must show that the jurisdictional require-

2. In fact, Attorney Schuster twice reissued the original praecipe for writ of summons on Diedrich. It is undisputed that none was ever served upon Diedrich. For purposes of the court's discussion in addressing the defendants' motion, the number of praecipes is immaterial.

3. In their answer to Coregis' complaint, the Willises state that their cause of action against Attorney Schuster is for attorney malpractice and breach of contract. *See* Willises' Answer, doc. no. 7, at ¶ 20. Although it is never stated, presumably, the gist of the Willises' claims against Attorney Schuster is that on account of his inaction, their claims against Diederich are now barred by the statute of limitations.

4. The relevant section of 28 U.S.C. § 1332 reads:

(A) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
(1) citizens of different States;

. . . . .

28 U.S.C. § 1332(a).

ment has been met. *See Rueda v. Amerifirst Bank,* Civ. A. No. 90–3986, 1991 WL 25565 * 2 (E.D.Pa. Feb.25, 1991) (citing *Burns v. Mass. Mut. Life Ins. Co.,* 820 F.2d 246 (8th Cir.1987)); *Davis v. Shultz,* 453 F.2d 497 (3d Cir.1971); *Nelson v. Keefer,* 451 F.2d 289 (3d Cir.1971).

█ A challenge to the jurisdiction of the court may be facial or factual. *See Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citing *Mortensen v. First Fed. Sav. & Loan,* 549 F.2d 884, 891 (3d Cir.1977)). Whereas a *facial* challenge to subject matter jurisdiction requires the court to accept as true the allegations contained in the complaint, including the amount in controversy, a *factual* challenge permits the court significantly more leeway. In the latter, unlike the former, the party asserting the existence of jurisdiction is not entitled to a presumption that the well-pleaded allegations in the complaint are in fact true. Therefore, in a factual challenge, the court may consider evidence outside the pleadings and weigh conflicting testimony. *Id.* (citations omitted); *see also Mortensen,* 549 F.2d at 891 (stating that in factual challenge "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). In this case, Attorney Schuster has challenged Coregis' allegation in the complaint that the amount of demand asserted by him under the policy meets the amount in controversy requirement for federal jurisdiction. Therefore, Coregis bears the burden of providing evidence which shows that the claim made against Attorney Schuster in the state court proceeding, and which forms the basis of Attorney Schuster's demand for coverage under the policy, *in fact* exceeds $75,000, exclusive of interest

and costs. *See Mortensen,* 549 F.2d at 891.

█ In determining whether the claim in fact exceeds $75,000, exclusive of interests and costs, the court must assess "the value of the rights being litigated," *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993), or "the value of the object of the litigation," *Hunt v. Wash. State Apple Advers. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also* 14B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* 77 (3d ed. 1998) ("It is well-settled by numerous judicial decisions by the Supreme Court, the court of appeals, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit.").

█ With respect to a declaratory action on an insurance contract, as in this case, the amount in controversy is determined by assessing the value of the underlying legal claims for which insurance coverage is sought. *Miller v. Liberty Mut. Group,* 97 F.Supp.2d 672, 674 (W.D.Pa. 2000) (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d. Cir.1995)); *Allstate Ins. Co. v. Fischer,* No. Civ. A. 97–4806, 1998 WL 111786 *2 (E.D.Pa. Mar.4, 1998). The difficulty in establishing the value of the rights being litigated is particularly acute for a Pennsylvania legal malpractice action, which "requires the plaintiff to prove that he had a viable cause of action against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending the underlying case...." *Kituskie v. Corbman,* 552 Pa. 275, 714 A.2d 1027, 1030 (1998).[5] A plaintiff who

---

**5.** Specifically, the elements of a legal malpractice claim in Pennsylvania are as follows:
 1) employment of the attorney or other basis for a duty
 2) the failure of the attorney to exercise ordinary skill and knowledge; and

3) that such negligence was the proximate cause of damage to the plaintiff.
*Kituskie,* 714 A.2d at 1029 (quoting *Rizzo v. Haines,* 520 Pa. 484, 555 A.2d 58, 65 (1989)).

asserts such a cause of action, however, is limited to only actual losses. *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58, 68 (1989). "Actual losses in an attorney malpractice action are measured by the judgment the plaintiff lost in the underlying action...." *Kituskie*, 714 A.2d at 1030.

### (a)

With these considerations in mind, the court held a hearing to determine whether the plaintiff's claims meet the requirements for diversity jurisdiction. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 583–84 (3d Cir.1997) (" '[T]he record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention.' ") (quoting *Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir.1990)).

At the hearing, Coregis' proof consisted of (1) copies of the praecipes for writ of summons issued by the Delaware Count Court of Common Pleas in the *Willis v. Diederich* and the *Willis v. Schuster* cases and (2) a copy of the case management information form filled out by the Willises' counsel in the *Willis v. Schuster* action, stating that the "Lowest Demand Prior to [Settlement] Conference" was $200,000 and that the "Highest Offer Prior to [Settlement] Conference" was also $200,000. Coregis offered no testimony which ex-plained or elucidated further on its proofs. Upon review of Coregis' evidentiary proffer, the court finds that Coregis has failed to meet its burden of proof.

 It is true that the court may consider relevant jurisdictional information contained on a praecipe for writ of summons in determining whether a claim filed in state court meets the $75,000 jurisdictional requirement for purposes of removal. *See, e.g., Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir.1993) (noting praecipe for writ of summons which includes adequate information to establish diversity jurisdiction may satisfy requirements for federal jurisdiction). This guidance, however, is unhelpful in this case because the praecipes at issue do not state the amount of the claim nor do they provide any information from which the court could assess the value of the rights being litigated. Nor is the case management information form helpful to Coregis, because the form itself does not describe the extent of the damages suffered by the Willises in the underlying case and for which they seek compensation from Attorney Schuster. Coregis' naked reference to the form's language stating that $200,000 is the "highest demand" and "lowest offer," [6] in the absence of some explanation as to what that reference means, is insufficient to show, by a preponderance of the evidence, that the value of the rights being litigated exceeds $75,000.[7]

---

**6.** In any event, the uncontroverted representation of counsel at the hearing indicates that these statements concerning the "highest demand" and "lowest offer" were in error and that no such offer or demand had in fact been made. Tr. 09/13/00 at 13.

**7.** Coregis argues that *Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3d Cir.1987), and *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir.1995), stand for the proposition that the amount of coverage under the policy determines the amount in controversy for jurisdictional purposes. Both *Manze* and *Jumara* involved the question of how to determine the amount in controversy for jurisdictional purposes in a petition to compel arbitration and to appoint a neutral arbitrator under an in-surance policy which had been removed from state court. Coregis' argument has been previously rejected. "*Manze* ... does not stand for the proposition that the policy limit controls [for jurisdictional purposes]; rather, *Manze* directs district courts to look to the nature of the specific claim to be arbitrated." *State Farm Mut. Auto. Ins. Co. v. Schambelan*, 738 F.Supp. 926, 929 (E.D.Pa.1990). "Thus, the amount in controversy in a petition to compel arbitration or appoint an arbitrator is determined by the underlying cause of action that would be arbitrated." *Jumara*, 55 F.3d at 877. Therefore, the face value of the insurance policy is not the appropriate figure by which to assess the amount in controversy when the court has "not the faintest idea ...

For all the above stated reasons, the court finds that the plaintiff has failed to sustain its burden of proving that this claim meets the required jurisdictional amount. *See Kaufman*, 245 F.2d at 920 (determining that the amount in controversy requirement was not met because the court had "not the faintest idea at this point whether the claim against the insured was for an amount in excess of [the jurisdictional threshold]").

(b)

■ The court also finds that the plaintiff has failed to meet its burden of proof regarding the recision claim. Although the courts have determined that the value of a recision claim for a purchaser under a contract is the price paid under that contract, *see Robinson v. Hyundai Motor America*, 683 F.Supp. 515, 516 (E.D.Pa. 1988),[8] the value of a recision to a seller is more complex to ascertain. In this case, the value to Coregis of the recision is the costs it would incur in the event it must indemnify or defend Attorney Schuster for the malpractice claim brought against him by the Willises. But as noted above, without any evidence regarding the damages suffered by the Willises in the motor vehicle accident, the court is unable to assess the value of their malpractice claim, and, therefore, it is virtually impossible to determine Coregis' potential exposure under the policy. Because the plaintiff has not offered sufficient evidence to demonstrate that the value of the recision claim exceeds the jurisdictional threshold of $75,000, the court finds that the plaintiff has failed to meet its burden regarding this claim.

(c)

■ Finally, Coregis requests leave to amend its complaint to plead facts sufficient to meet the amount in controversy

requirement of diversity jurisdiction. Under Federal Rule of Civil Procedure 15(a), if a responsive pleading is already served, a party may only amend his pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). In this case, because a responsive pleading has been served in the form of Willises' answer to the complaint and there is no written consent from the defendants, leave of court is required. It is the policy of Rule 15(a) to liberally grant leave to amend the pleadings. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981). This approach is based on a strong public policy that cases be decided on the merits and not on pleading technicalities. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir.1990). In this case, however, because the challenge to the court's jurisdiction is a factual one under Rule 12(b)(1), Coregis was afforded the opportunity to present evidence at the hearing. Therefore, the decision that Coregis has failed to show the existence of subject matter jurisdiction was not based on the inadequacy of the pleadings, but rather the dearth of its proofs. Rule 15(a) does not require that a proponent of jurisdiction be given repeated opportunities to make an adequate factual showing that its claim meets the minimum amount in controversy required under § 1332. Therefore, the court will deny Coregis' request to amend its complaint.

III.

In conclusion, the plaintiff has failed to meet its burden of proving that either its declaratory judgment action or its recision claim exceeds the jurisdictional requirement of $75,000. With the absence of a complaint for either the Willises' motor vehicle accident or the alleged malpractice

whether the claims against the insured was for an amount in excess of [the jurisdictional amount]." *Kaufman*, 245 F.2d at 920.

8. Attorney Schuster and his firm assert in their motion that the value of the plaintiff's

recision claim is $16,283, the amount paid by them for the policy. For reasons discussed above, the court finds that the value of the object of Coregis' litigation is similar to its declaratory judgment claim.

of Attorney Schuster and with the plaintiff's failure to offer any reliable evidence regarding the value of those claims, the court is unable to determine whether these claims meet the needed amount in controversy. Consequently, the court grants defendants' motion to dismiss for lack of subject matter jurisdiction. In addition, the court will deny the plaintiff's request for leave to amend his complaint because his failure to meet his burden of proof at the hearing on the defendant's motion to dismiss.

An appropriate order follows.

### ORDER

**AND NOW,** this 17th day of January, 2001, upon consideration of defendants' motion to dismiss under Federal Rule 12(b)(1) (doc. no. 12), plaintiff's response to that motion (doc. no. 14), and plaintiff's request for leave to amend its complaint (doc. no. 14), it is hereby **ORDERED** that:

1) The defendants' motion to dismiss is **GRANTED;**

2) The plaintiff's motion for leave to amend its complaint is **DENIED;**

3) it is further **ORDERED** that this case shall be marked **CLOSED.**

**AND IT IS SO ORDERED.**