JEFFREY PRESS, INC., Plaintiff,

v.

HARTFORD CASUALTY INSURANCE COMPANY, Defendant.

No. 04–CV–2219.

United States District Court, E.D. Pennsylvania.

July 19, 2004.

---

627

John F. Kennedy, Joseph T. Healey, O'Malley Harris Durkin & Perry, PC, Scranton, PA, for Plaintiff.

David E. Edwards, Lawrence J. Bistany, White and Williams, LLP, Philadelphia, PA, for Defendant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

The plaintiff, Jeffrey Press, Inc., has filed a motion to remand this declaratory judgment action against defendant, Hartford Casualty Insurance Company, back to the Court of Common Pleas of Lehigh County. For the following reasons, plaintiff's motion to remand is denied.

## I. FACTS AND PROCEDURAL HISTORY

On June 25, 2003, E.L. Meal Enterprises, Inc. ("Meal Enterprises"), on behalf of itself and others, filed a class action complaint in the Court of Common Pleas of Lehigh County, Pennsylvania against Jeffrey Press, Inc., seeking damages and injunctive relief for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and related Federal Communications Commission ("FCC") regulations. The prayer for relief includes, *inter alia*, requests for (1) certification of the class action; (2) statutory damages awards of $500 dollars to each class member, and (3) treble damages, if applicable, raising the awards of each member up to $1500 dollars. Furthermore, the complaint avers that "[p]laintiff believes that [there are] thousands of Class members." (Meal Compl. at ¶ 22.)

On April 16, 2004, Jeffrey Press, Inc. [hereinafter "plaintiff"] filed a declaratory judgment action, also in the Court of Com-

mon Pleas of Lehigh County, against Hartford Casualty Insurance Company [hereinafter "defendant"]. The complaint alleges that defendant issued a liability insurance policy to plaintiff, which was in effect at the time Meal Enterprises filed its class action against plaintiff. Plaintiff further alleges that, pursuant to the rights and duties of the parties under that policy, defendant must provide a defense and indemnification to plaintiff in the class action brought by Meal Enterprises.

On May 21, 2004, defendant filed a notice of removal to the Eastern District of Pennsylvania, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. In response, on June 8, 2004, plaintiff filed a motion to remand the matter to Lehigh County. In its motion to remand, plaintiff argues that the federal courts lack subject matter jurisdiction because the amount in controversy requirement has not been met.

## II. STANDARD OF REVIEW

In evaluating a motion to remand, the burden of establishing the existence of original jurisdiction in the federal courts is on the removing party. *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992). This allocation of the burden is consistent with the general proposition that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1012 n. 6 (3d Cir.1987) (quoting *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir.1985)); *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 206 n. 12 (3d Cir.2003) (noting that "we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand").

## III. DISCUSSION

A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Because the parties do not dispute diversity of citizenship,[1] the sole issue to be addressed is whether the jurisdictional amount in controversy requirement has been satisfied, and, therefore, whether the federal courts properly have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### A. Determining the amount in controversy in a declaratory judgment action

"A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time [the] petition for removal was filed.' " *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir.2002) (quoting *Steel Valley Auth.,* 809 F.2d at 1010). "In actions seeking declaratory judgment . . . the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. St. Apple Advertising Comm'n.,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also* 14B Charles A. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3702 (3d ed. 1998) ("It is well-established by numerous judicial decisions by the Supreme Court, the court of appeals, and countless district courts that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce or protect or the value of the object that is the subject matter of the suit."). Specifically, when the complaint is for a declaratory judg-

---

1. Plaintiff company is a resident of Maryland. Defendant is an Indiana corporation with its principal place of business located in Connecticut. (Notice of Removal at ¶ 6–8.)

ment, as opposed to specific monetary relief, the amount in controversy requirement can be satisfied by looking to the underlying suit. *See Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3d Cir.1987) (holding that, in a proceeding to compel arbitration, the underlying action can satisfy the requisite jurisdictional amount); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir.1995) (holding that, in a suit to compel appointment of an arbitrator, the underlying cause of action determines the amount in controversy); *see also Miller v. Liberty Mut. Group*, 97 F.Supp.2d 672, 675–76 (W.D.Pa.2000) (noting that, in accordance with *Manze* and *Jumara*, the amount in controversy requirement is satisfied in declaratory relief actions by looking to the underlying suit). Although *Manze* and *Jumara* arise in the context of arbitration disputes, both cases are useful illustrations of the above propositions.

In *Manze*, an insured filed a petition to appoint a neutral arbitrator for purposes of resolving the insured's bad-faith claim against an insurer. The insurer removed the action from Pennsylvania state court, and the insured sought a remand on the ground that the amount in controversy requirement had not been met for purposes of federal jurisdiction. Because the action did not seek monetary damages, the Third Circuit looked to the underlying suit to determine whether the necessary amount in controversy had been met. *Manze*, 817 F.2d at 1068. Considering the fact that the limit on the insurance policy was $15,000 and that the insured never claimed less than $10,000[2] in the underlying suit, the Third Circuit concluded that the motion to remand should be denied because the possible award involved more than the jurisdictional amount. *Id.*

In *Jumara*, the Third Circuit reaffirmed its holding in *Manze*, recognizing that the amount in controversy in an arbitration suit—or other action not explicitly seeking monetary relief, such as a declaratory judgment—is decided by the underlying cause of action. 55 F.3d at 877; *Miller, supra.* Specifically, in *Jumara*, insureds sought $200,000 in benefits in the underlying complaint. Since it could not be said that the possible award recovered by the insureds would be less than $50,000,[3] the Third Circuit denied remand, holding that "[i]ndeterminancy of the amount to be recovered is … not sufficient to defeat diversity jurisdiction, and so it is immaterial that the Jumaras might eventually recover less than $50,000 from State Farm." *Id.* Moreover, the Third Circuit explained that in looking at the underlying suit, "the allegations on the face of the complaint control … unless it appears 'to a legal certainty the claim is really for less than the jurisdictional amount …'" *Id.* (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))).

**B. Determining the amount in controversy in the instant action**

■ In the instant action, plaintiff essentially contends that there is no amount in controversy because the only specific relief outlined in the complaint for declaratory judgment is a determination of the rights and duties of the parties pursuant to the insurance policies issued by defendant. (Pl.'s Br. In Supp. of Mot. to Remand at 2.) Plaintiff's argument is clearly refuted by *Manze* and *Jumara*.[4] *See* Section III.

---

**2.** The jurisdictional amount in controversy required in 1987.

**3.** The jurisdictional amount in controversy required in 1995.

**4.** At first glance, *Kaufman v. Liberty Mut. Ins.*

A., *supra*. Rather, since this is a declaratory judgment action, I must look to the complaint in the underlying suit upon which the declaratory action is premised to determine the applicable amount in controversy. For the purposes of this case, the underlying suit is Meal Enterprises' pending class action against plaintiff in state court.

Plaintiff argues that, on its face, as viewed at the time of removal, Meal Enterprises' complaint only seeks damages for a single TCPA violation in the sum of $500. (Pl.'s Br. In Supp. of Mot. to Remand at 3.) This assertion, however, is contradicted by the "Prayer for Relief" in the complaint in the underlying action that plainly seeks certification and damages for an entire class whose rights were allegedly violated by plaintiff under the TCPA. *See, e.g.*, *Werwinski*, 286 F.3d at 666–67 ("Appellants' erroneous assertion that their complaint does not claim damages ... is belied, however, by their complaint's 'Prayer for Relief.'") Although the class has not yet been certified, the complaint alleges that the projected class numbers in the thousands. (Meal Compl. at ¶ 22.) "The allegations on the face of the complaint," therefore, reveal that the damages being sought are likely in excess of $75,000.[5] *Jumara*, 55 F.3d at 877.

In sum, it cannot be said "to a legal certainty" that the class in the underlying suit will not be certified and that the claim will fall below the jurisdictional amount.[6]

---

*Co.*, 245 F.2d 918 (3d Cir.1957) seems to support plaintiff's position that jurisdiction is lacking. In that case, a declaratory judgment action was brought in federal court on grounds of diversity in order to construe the provisions of a general liability policy. *Id.* at 919. The Third Circuit found that federal jurisdiction was improper explaining: "we have not the faintest idea at this point whether the claim against the insured was for an amount in excess of [the jurisdictional amount]. Nor have we any idea of the value of the insurer's agreements to defend Kaufman in the state court." *Id.* at 920. Yet, despite its language, courts have concluded that "*Kaufman* does not stand for the proposition that there is no 'amount in controversy' in a declaratory judgment action," but rather "[t]he real significance of *Kaufman* is that a plaintiff cannot invoke the diversity jurisdiction of the federal courts *when there is no way of knowing* if her claim will exceed the jurisdictional amount." *Miller v. Liberty Mut. Group*, 97 F.Supp.2d at 676 (emphasis added). In the present case, the face of the complaint in the underlying class action provides information from which the value of the litigation can be assessed. Even if the actual value remains contingent on the certification of the class and its size, *Kaufman* is distinguishable on its facts.

5. The "Prayer for Relief" seeks statutory damages of $500 per class member. Under this framework, it would only take 151 members for the amount in controversy to exceed $75,000. If treble damages are applicable, as alleged, then a mere 51 class members would bring the amount in controversy over $75,000. Additionally, any amount of defense costs that defendant might have to provide for plaintiff in the underlying suit, pursuant to the insurance policies, only serves to further augment the value of the rights being litigated in the declaratory judgment action beyond the jurisdictional requirement.

6. Although plaintiff brings this motion to remand arguing that the federal court lacks jurisdiction because the amount in controversy requirement is not met, plaintiff's actions appear to belie their argument that the potential payout will not exceed $75,000. As defendant adroitly points out, "[i]t is significant that plaintiff's action is directed against two policies—a primary and an umbrella policy—reflecting plaintiff's apparent belief, contrary to the position it asserts in this motion, that the underlying claims would exceed the $1 million primary policy if coverage for the underlying claims were demonstrated." (Mem. of Law in Opp'n to Pl.'s Mot. to Remand at 1–2.) Defendant's observation continues: "Plaintiff argues that this is a $500 dispute. If the underlying claim were as plaintiff now contends simply $500, such a claim would not be pending in the Court of Common Pleas and it is highly unlikely that plaintiff would be litigating such a claim." (*Id.* at 2 n. 1.) (citations omitted.)

*Id.* Defendant has satisfied its burden as the removing party of establishing the existence of diversity jurisdiction in the federal courts.

Plaintiff's motion to remand to the Court of Common Pleas of Lehigh County is denied.

### ORDER

AND NOW, this 19th day of July 2004, it is **ORDERED** that plaintiff's motion to remand (Docket Entry # 5) is DENIED.