NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

David BROWN, and Nicole Brown, Defendants.

Civil Action No. 04–745.

United States District Court, W.D. Pennsylvania.

Sept. 8, 2005.

Krista M. Kochosky, Dickie, McCamey & Chilcote, Peter B. Skeel, Summers, McDonnell, Walsh & Skeel, Pittsburgh, PA, for Plaintiff.

Bernard C. Caputo, Sean J. Carmody, Patberg, Carmody, Ging & Filippi, Pittsburgh, PA, for Defendants.

## MEMORANDUM OPINION

HARDIMAN, District Judge.

This is a declaratory judgment action to determine insurance coverage. On December 21, 2001, Defendant David Brown was operating his Harley–Davidson motorcycle with his wife Nicole as passenger. Defendants allege they suffered serious injuries when a black BMW forced their motorcycle across the median and into another vehicle that was waiting to make a left turn. The driver of the BMW fled the scene and has not been identified. Defendants submitted claims under three insurance policies issued to them by Plaintiff Nationwide Mutual Insurance Company (Nationwide). Although Nationwide paid $100,000 to Nicole Brown pursuant to the liability policy covering the Harley–Davidson, she seeks both uninsured and underinsured motorist benefits, asserting that the unidentified driver of the BMW caused her injuries. David Brown has demanded uninsured motorist benefits for much the same reason, but apparently does not seek underinsured motorist benefits. Nationwide investigated the accident and determined that David Brown was solely responsible for the damages and injuries sustained. Accordingly, it has made no payment on any liability policy to David Brown. Nationwide seeks a judgment declaring that it has no obligation to provide uninsured motorist benefits to David and Nicole Brown, and no obligation to provide underinsured motorist benefits to Nicole Brown.

Defendants moved to dismiss the Complaint, arguing that Nationwide has not met the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332. Nationwide responds that the potential recovery under the policies, together with the serious nature of Defendants' injuries, establishes that more than $75,000 is at issue.

## I. *Legal Standard*

 For a district court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Once a defendant has challenged the plaintiff's allegations regarding the amount in controversy, the plaintiff must produce sufficient evidence to justify its claims. *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir.1995). The party asserting jurisdiction bears the burden of demonstrating that the district court has the power to hear the case. *Packard v. Provident National Bank*, 994 F.2d 1039, 1044–45 (3d Cir.1993). To justify dismissal, it must appear to a legal certainty that plaintiff's claim is for less than the statutory amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, "legal certainty" does not require absolute certainty. *Nelson v. Keefer*, 451 F.2d 289, n. 6 (3d Cir.1971). In a declaratory judgment action, the amount in controversy is "measured by the value of the object of the litigation." *Jeffrey Press, Inc. v. Hartford Casualty Insurance Co.*, 326 F.Supp.2d 626, 628 (E.D.Pa.2004).

## II. *Discussion*

Defendants argue that Nationwide relies solely on the fact that the limits on the three insurance policies at issue exceed $75,000. Defendants contend that the face value of the insurance contracts is not the appropriate measure because their claims are separate and distinct and may not be aggregated for purposes of determining the amount in controversy. Plaintiffs respond that potential liabilities for each insurance contract are $100,000 per person and $150,000 per occurrence, and point to cases in which courts have found diversity

499 at the top right

jurisdiction with reference to the policy limits contained in insurance contracts.

Defendants rely primarily upon *Kaufman v. Liberty Mutual Insurance Co.*, 245 F.2d 918 (3d Cir.1957) for the proposition that a party asserting diversity jurisdiction may not simply rest upon the face value of the insurance policy in question. In *Kaufman*, the Court of Appeals rejected "the notion that the full face amount of the policy is the amount in controversy regardless of how little is claimed by the victim against the insured." *Id.* at 920. But *Kaufman* does not stand for the proposition that the face value of a policy of insurance is irrelevant to the determination of the amount in controversy. Recent cases have relied upon the face value of insurance policies to find diversity jurisdiction. Particularly illuminating in this regard are *Manze v. State Farm Insurance Co.*, 817 F.2d 1062 (3d Cir.1987) and *Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir.1995).

In *Manze,* the insured sought uninsured motorist benefits and filed a petition in state court to appoint an arbitrator to resolve a bad faith claim against the insurer. *Id.* at 1063. The insurer removed the case to federal court and the insured filed a motion to remand, arguing that the amount in controversy requirement had not been met. The district court rejected the insured's motion and the Court of Appeals affirmed. *Id.* at 1068. The Court of Appeals noted that the insured had never claimed less than $10,000 (the statutory amount in controversy required at the time) in her underlying suit, and that the policy limit was $15,000. *Id.* Therefore it appeared that the arbitration sought by the insured "*might* result in an award exceeding the jurisdictional amount" and federal jurisdiction was therefore proper. *Id.* (emphasis added).

Like *Manze, Jumara* involved a state court action by the insured to compel arbitration with an insurer. The insured in *Jumara* was involved in a motorcycle accident and underwent surgery for numerous lacerations and fractures. *Jumara*, 55 F.3d at 875. The insured sought arbitration for uninsured motorist claims under two policies with limits of $100,000 each, but did not seek damages. *Id.* at 876. The insurer removed the case to federal court and the insured filed a motion to remand. The Court of Appeals affirmed the trial court's denial of the motion, relying substantially on its holding in *Manze*. *Id.* at 876–77. The Court of Appeals stated that the "indeterminancy of the amount to be recovered" did not defeat diversity jurisdiction and the fact that the insured's ultimate recovery might be less than the statutory amount in controversy was immaterial. *Id.* at 877. "Given that the Jumaras allege quite serious injuries and an entitlement to as much as $200,000 in underinsured motorist benefits, we cannot say with legal certainty that the Jumaras will recover less than $50,000 [the statutory requirement at the time]." *Id.*

■ Thus, *Kaufman* does not stand for the proposition that policy limits are irrelevant or unhelpful to the determination of diversity jurisdiction. "The real significance of *Kaufman* is that a plaintiff cannot invoke the diversity jurisdiction of the federal courts when there is no way of knowing if her claim will exceed the jurisdictional amount in controversy." *Miller v. Liberty Mutual Group*, 97 F.Supp.2d 672, 676 (W.D.Pa.2000) (Smith, J.). By contrast, the Court of Appeals in *Manze* and *Jumara* "found the amount in controversy requirement satisfied, even though the claim at issue was for declaratory relief, and not money damages. In both cases, the court found the face value of the insur-

ance policy helpful in determining the amount in controversy." *Id.*

■ Applying the precedents discussed above to the facts of this case, it is clear that this court has jurisdiction. Unlike *Kaufman,* this is not a case where there is no way of knowing whether the claim will exceed the jurisdictional amount. As in *Manze* and *Jumara,* the Defendants here have expressed no intention to seek less than the statutory amount in controversy. Similarly, the potential liability of Nationwide to each of the Defendants exceeds the statutory requirement. Like the insured in *Jumara,* the Defendants here suffered extensive lacerations and fractures requiring reconstructive surgery. Accordingly, this court possesses jurisdiction.[1]

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 16th day of November, 2004, upon consideration of the briefs and arguments proffered by the parties in support of and in opposition to Defendants' Motions to Dismiss, it is hereby ORDERED that the Motions (Docs. No. 4 and No. 8) are DENIED. Defendants shall answer Plaintiff's Complaint on or before December 6, 2004.

---

1. Because each Defendant's potential recovery exceeds $75,000, their contention regarding aggregation of claims is immaterial. Moreover, insurance policies such as the those in question here are paradigmatic examples of properties in which parties have an undivided interest and may therefore aggregate their claims. *Bishop v. General Motors Corp.,* 925 F.Supp. 294, 298 (D.N.J.1996).