Lancaster Area Refuse Authority, Appellant, *v.*
Transamerica Insurance Company.

Argued November 13, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*John I. Hartman, Jr.,* with him *Windolph, Burkholder & Hartman,* for appellant.

*B. M. Zimmerman,* with him *Zimmerman, Zimmerman, Myers & Gibbel,* for appellee.

OPINION PER CURIAM, March 20, 1970:

In November, 1960, appellant, the Lancaster Area Refuse Authority (the Authority), commenced a landfill operation near the City of Lancaster. Refuse dumped by the Authority into this landfill polluted the water wells of two neighboring property owners. In suits brought by the property owners against the Authority for damages, a jury awarded verdicts in their favor, but the trial court entered judgments n.o.v. for the Authority. The Superior Court reversed these judgments, holding that sufficient evidence had been introduced at trial to support the verdicts based on the Authority's negligence. *Reinhart v. Lancaster Area Refuse Authority,* 201 Pa. Superior Ct. 614, 193 A. 2d 670 (1963). After the Authority had paid the judgments, it demanded reimbursement from the Transamerica Insurance Company (Transamerica) which had insured it against property damage liability. By the insurance policy the insurer agreed, *inter alia,* "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." Transamerica denied coverage, whereupon the Authority brought the suit from which this appeal arises.

The suit was tried as a case stated, the question at issue being whether the injury to the property owners at the hand of the Authority was "caused by accident." The trial court held that it was not, relying upon the opinion of the Superior Court in the *Reinhart* case, that this injury was caused by negligence and, hence, was avoidable. On appeal, the Superior Court affirmed *per curiam* without opinion, 214 Pa. Superior Ct. 80, 251 A. 2d 739 (1969). Judge HOFFMAN filed a dissent-

ing opinion in which Judges MONTGOMERY and SPAUL-DING joined.[1]

We granted allocatur to consider the narrow question whether harm which is caused by negligence may still be harm "caused by accident" within the meaning of the insurance contract. We hold that it may and adopt the reasoning of the dissenting opinion, in the Superior Court.

The order of the Superior Court is reversed, and the case is remanded with directions to enter judgment for the appellant.

Mr. Justice JONES and Mr. Justice COHEN concur in result.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent. If the Court would define the meaning of the pertinent and controlling words in the policy: "caused by *accident*," it would be clear under the facts of this case that its Order or Judgment could not be sustained.

---

[1] The first paragraph of the dissenting opinion erred in stating that in *Reinhart v. Lancaster Area Refuse Authority*, 201 Pa. Superior Ct. 614, judgment was entered in favor of the property owners and affirmed in the Superior Court. The jury returned a verdict for the property owners, the lower court gave judgment n.o.v. for the Authority, and the Superior Court reversed, entering judgment on the verdict for the plaintiffs.