**HEINEKEN TECHNICAL SERVICES, B.V., Plaintiff,**

v.

**Charles DARBY, DecoTec International, Ltd., and Wolfgang Fiwek, Defendants.**

**No. CV 98–CV–11952–JLT.**

United States District Court, D. Massachusetts.

June 26, 2000.

Bruce E. Falby, Hill & Barlow, Boston, MA, Douglas V. Rigler, Scott A. Richie, Andrews & Kurth, D.C. Litigation, Washington, DC, for Heineken Technical Services, BV, plaintiff.

William L. Patton, Dalila Argaez Wendlandt, Dalila Argaez Wendlandt, Dalila A. Wendlandt, Ropes & Gray, Boston, MA, for Charles Darby, defendant.

Bruce E. Falby, Hill & Barlow, Boston, MA, Douglas V. Rigler, Scott A. Richie, Andrews & Kurth, D.C. Litigation, Washington, DC, for Plaintiff.

William L. Patton, Dalila Argaez Wendlandt, Ropes & Gray, Boston, MA, for Defendant.

## MEMORANDUM

TAURO, District Judge.

### I. BACKGROUND

Plaintiff Heineken Technical Services B.V. is a Dutch corporation engaged in the business of designing and licensing technologies relating to the bottling and container industry. Defendant Charles Darby is a Massachusetts citizen and the principal owner of Defendant DecoTec International, Ltd., a Massachusetts corporation. Defendant Wolfgang Fiwek is a German Citizen.

According to Plaintiff's Complaint, Brandt Technologies, Inc. ("Brandt") invented a process and a device for applying labels to bottles or packages. Brandt assigned all rights to the invention to Plaintiff Heineken Technical Services.

In 1994, Brandt officials met with representatives of Alfill Corporation, a German company, to discuss the sale of bottling labeling equipment. Defendants Charles Darby and Wolfgang Fiwek were among the Alfill representatives. Pursuant to a confidentiality agreement with Alfill, Brandt disclosed the secrets behind its

invention. Darby and Brandt also signed nondisclosure agreements.

Despite these agreements, however, Fiwek left Alfill in December 1994, and allegedly tried to patent Brandt's invention as his own. Darby, as owner of Defendant DecoTec International Ltd., encouraged Fiwek to patent the invention and acquired the rights to the patent and invention from Fiwek.

Heineken seeks declaratory judgment that it is the rightful inventor of the bottling technology identified in Defendant Fiwek's United States patent application (Count I). In addition, Plaintiff seeks damages for state claims of misappropriation of trade secrets, unfair competition and deceptive trade practices, and unjust enrichment (Counts II–IV respectively). Finally, Heineken seeks a declaration of constructive trust for misappropriated income (Count V).

Heineken filed its Complaint on September 25, 1998, one day after filing a similar suit against Defendant Fiwek in Germany. That suit related to Fiwek's inventorship rights to German and European patents applications. On August 19, 1999, the German court ruled in Defendant Fiwek's favor. Plaintiffs are currently appealing that decision.

In this action, Defendants have filed two separate motions to Dismiss. On April 20, 1999, Defendants filed a Motion to Dismiss and to Stay Discovery Pending Resolution of the Motion. On October 4, 1999, following a decision in Defendant Fiwek's favor by the German court, Defendants filed a second Motion to Dismiss.

On June 29, 1999, Plaintiffs filed a Motion for Sanctions following Defendant Fiwek's failure to appear for his properly noticed deposition.

These motions to dismiss, and the motion for sanctions, are currently before the court.

## II. ANALYSIS

### A. Defendants' Motions to Dismiss

■ Defendants' motions to dismiss deal with two distinct issues. The first motion argues that there is no federal question jurisdiction for Plaintiff's claims.[1] The second motion asserts that this court should dismiss the action because a German court ruled against Plaintiff in a parallel proceeding. As discussed below, these arguments are without merit and the motions to dismiss are therefore DENIED.

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is Denied Because Plaintiff's Claims Arise Under Federal Patent Law.

The Supreme Court has delineated a two part test for determining whether federal courts have jurisdiction over a patent claim. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Court explored the jurisdictional boundaries of 28 U.S.C. § 1338(a),[2] the provision establishing federal jurisdiction over patent claims. The Court there held

that § 1338(a) jurisdiction ... extends only to those cases in which a well-pleaded complaint establishes either[, (1) ] that federal patent law creates the cause of action or [ (2) ] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is

---

1. Plaintiff's action must be based on federal question jurisdiction because the presence of Defendant Fiwek, a German citizen, destroys diversity. *See Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 428 (7th Cir.1993) (noting no diversity where suit between foreigner and mixture of citizen and foreigner).

2. The statute reads: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection or trade-mark cases." *Id.*

a necessary element of one of the well-pleaded claims.

*Christianson*, at 808–09, 108 S.Ct. 2166. To find jurisdiction over its claim, Plaintiff must fit into one of these two categories.

In applying this two part test, courts have focused on three distinct requirements within the language of *Christianson* to limit the reach of § 1338(a) jurisdiction. *See Hunter Douglas, Inc., v. Harmonic Design, Inc.*, 153 F.3d 1318, 1325–31 (Fed. Cir.1998). These elements are the "well pleaded" complaint rule, the necessary element requirement, and the substantial element requirement.

■ The first count of Plaintiff's Complaint seeks declaratory judgment that the employees of Brandt are the rightful and proper inventors of the technology claimed in Defendant Fiwek's pending U.S. patent application. *See* Comp. at ¶ 22. Plaintiff asserts that this claim implicates numerous provisions of federal patent law, including 35 U.S.C. §§ 116, 256, 102(f). Plaintiff thus argues that it meets the second jurisdictional basis under *Christianson* because resolution of its claim necessarily raises substantial issues of federal patent law. According to the standards announced in *Christianson* and *Hunter Douglas*, Plaintiff must therefore establish three things: that the applicable patent law issues are raised in a well-pleaded complaint; that the patent law issues are a necessary element of Count I; and that the patent law issues are substantial enough to justify jurisdiction. Plaintiff has satisfied each of these requirements.

a. Count I of Plaintiff's Complaint "Arises Under" Federal Law.

Under the well-pleaded complaint rule, a claim "arises under" patent law based only on what " 'necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.' " *Hunter Douglas*, 153 F.3d at 1325 (quoting *Christianson*, 486

U.S. at 809, 108 S.Ct. 2166) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–75, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)).

Here, Plaintiff's well-pleaded complaint raises a federal patent law issue. Count I of Plaintiff's Complaint seeks declaratory judgement that Plaintiff is the proper inventor of disputed technologies for which Defendant Fiwek is seeking a U.S. patent. *See* Comp. at ¶ 22. While the Complaint does not cite to specific statutory provisions, Plaintiff convincingly argues that this claim implicates federal patent law provisions covering inventorship on patent applications under 35 U.S.C. § 116. Section 116 provides that:

whenever through error a person is named in an application for patent as the inventor, or through error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Commissioner may permit the application to be amended accordingly, under such terms as he proscribes.

*Id.* Plaintiff argues that this patent law issue is raised by its Complaint because Brandt is the proper inventor, not Defendant Fiwek.

Defendants respond that under the Federal Circuit's reading of § 116, this case is not covered by § 116 because Plaintiff alleges that Fiwek applied for the patent with deceptive intent. *See Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1552–53 (Fed.Cir.1997). The deceptive intent limitation discussed in *Stark*, however, does not preclude Plaintiff's claim. First, *Stark's* mention of the deceptive intent limitation as applied to § 116 is dicta. The court there faced application of the parallel limitation found in § 256. *See id.* at 1552 ("The sole issue in this case is the meaning of Section 256."). Second, while the court attempts to explain the application of § 116, it leaves open the issue of whether the deceptive intent preclusion applies against an innocent inventor where the patent applicant acted with deceptive in-

tent.[3] Defendants argue that any deceptive intent, even where an innocent party is seeking to challenge a patent application, precludes action under § 116. This interpretation is irrational, however, because it would enable the deceitful party to claim protection from his own misdeed. Furthermore, such a rule is inconsistent with the legislative history surrounding §§ 116 and 256. *See id.* at 1554 ("[T]he legislative history ... strongly suggests that Congress intended to permit correction of inventorship, without regard to the conduct of the named inventor, as long as there was no deceptive intention on the part of the true inventor.") (citations omitted). As such, the court finds that § 116's limitations do not apply, and that Plaintiff's well-pleaded Complaint raises an issue of patent law.

### b. Plaintiff's Patent Law Issue is a Necessary Element of Count I.

The necessary element requirement holds that " 'a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.' " *Hunter Douglas*, 153 F.3d at 1325 (quoting *Christianson*, 486 U.S. at 810, 108 S.Ct. 2166). As the Supreme Court noted in *Christianson*, " '[i]f ... there are ... reasons completely unrelated to the provisions and purposes of the [patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' then the claim does not 'arise under' those laws." *Id.* at 810, 108 S.Ct. 2166 (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 26, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Whether Brandt is the true inventor of the technology in dispute is the only basis upon which relief can be granted under Count I. Furthermore, Defendants' attempts to characterize Plaintiff's action as

nothing more than a state law misappropriation claim are unconvincing.

As such, the court finds that Plaintiff's patent law claim is a necessary element of Count I.

### c. Inventorship Issues Under Section 116 are Substantial Enough to Convey Section 1338(a) Jurisdiction.

Finally, an additional test is applied to determine whether the patent law question raised is " 'substantial' enough to convey § 1338(a) jurisdiction." *Hunter Douglas*, 153 F.3d at 1318. The Federal Circuit has determined that "at least four issues of federal patent law are substantial enough to satisfy the jurisdictional test." They are infringement; inventorship issues under 35 U.S.C. §§ 116, 256; attorney fees under 35 U.S.C. 285; and the revival of an allegedly unintentional abandoned patent application ... or ... the right to file a continuation application.... *Hunter Douglas* at 1330 (internal citations omitted).

Plaintiff satisfies the substantiality requirement because, as the court has already noted, its claim implicates 35 U.S.C. § 116.

By satisfying the well-pleaded complaint rule, the necessary element requirement and the substantial element requirement, Plaintiff has defeated Defendants' motions to dismiss for lack of jurisdiction. As such, that motion is DENIED.

### 2. Defendants' Motion to Dismiss Based on the Parallel German Proceeding

■ Defendants' second motion to dismiss relies upon a decision in the parallel German proceeding. Defendants argue that the decision in favor of Defendant Fiwek should have binding effect in this proceeding under principles of comity, and that Plaintiff's case therefore should be

---

**3.** The court states: "We read section 116 as requiring lack of deceptive intent in both cases of misjoinder and nonjoinder." *See Stark*, 119 F.3d at 1555. The decision does not specify, however, whether the "lack of deceptive intent" requirement applies to all parties, or only to the party that causes a "misjoinder" or "nonjoinder."

dismissed. Defendants undertake an extensive analysis of the principles of comity to support their argument. This effort fails, however, because it does not acknowledge the lack of deference provided to foreign patent law judgments.

As Judge Weinstein of the Eastern District of New York observes, "[w]here the prior adjudication was by a foreign nation's court applying its patent law to its patents, the barriers to reliance on the foreign judgment for collateral estoppel purposes become almost insurmountable." *Cuno Inc., v. Pall Corporation,* 729 F.Supp. 234, 238 (E.D.N.Y.1989). The Federal Circuit has noted this antipathy towards foreign patent determinations on numerous occasions. *See e.g., Medtronic, Inc. v. Daig Corp.,* 789 F.2d 903, 908 (Fed. Cir.1986) (German tribunal's decision not binding on patent determination by United States federal court); *Stein Associates, Inc. v. Heat and Control, Inc.,* 748 F.2d 653, 658 (Fed.Cir.1984) (decision in United States not binding on British, and vise versa). *See also Skil Corp. v. Lucerne Products, Inc.,* 684 F.2d 346, 351 n. 4 (6th Cir.1982) ("Patent proceedings in other countries are not controlling, in part because the standards of patentability vary widely from country to country.") (citing *Timely Products Corp. v. Arron,* 523 F.2d 288, 295 (2d Cir.1975); *Ditto, Inc. v. Minnesota Mining and Manufacturing Co.,* 336 F.2d 67, 71 (8th Cir.1964) (prior determination by West German patent court not binding)).

Defendants fail to distinguish this vast body of patent law, instead analyzing comity issues under general federal precedent.

The court therefore DENIES Defendants' Motion to Dismiss based on the German court's decision.

### B. Defendants' Motion for Sanctions

The final pending motion is Plaintiffs' Motion for Sanctions, filed following Defendant Fiwek's failure to appear for his properly noticed deposition. While Plaintiff persuasively argues for sanctions, the court chooses to defer on this issue until the close of the case. As such, Plaintiff's Motion for Sanctions is DENIED without prejudice to its renewal at that time.

### III. CONCLUSION

Defendants' motions to dismiss, both for lack of jurisdiction and because of the German court's ruling in a parallel proceeding, are DENIED. Further, Plaintiff's Motion for Sanctions is DENIED without prejudice to its renewal at the close of the case.