333 F.Supp.2d 834 (2004)
POST PERFORMANCE, LLC, Plaintiff,
v.
RENAISSANCE IMPORTS, INC., and Michael Carmody, Defendants.
No. 4:04 CV 208 DDN.
United States District Court, E.D. Missouri, Eastern Division.
August 10, 2004.
*835 Christopher C. Swenson, Polsinelli Shalton Welte Suelthaus PC, Graham L. W. Day, Polsinelli Shalton Welte Suelthaus, St. Louis, MO, for Plaintiff.
James W. Whitney, Jr., Menees and Whitney, Clayton, MO, Panagiota Betty Tufariello, Law Offices of P. B. Tufariello, P.C., Selden, NY, for Defendants.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court on the joint motions of defendants Renaissance Imports, Inc. and Michael Carmody to dismiss the complaint of Post Performance, LLC and to remand. (Docs. 11-12.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Oral argument was heard on June 3, 2004.

I. BACKGROUND
On February 4, 2004, Renaissance filed a petition in the Circuit Court of St. Louis County, Missouri, against Post Performance and three individuals seeking damages for conversion, breach of duty of loyalty, and breach of fiduciary duty, and for an accounting. That petition concerned the design and sale of footwear. (Doc. 15 Ex. 1.) Post Performance moved in the state court to dismiss Renaissance's petition. (Doc. 19 at 8 n. 7 & Exs. 2-3.) During the June 3, 2004 hearing, defendants stated that the state action is still going forward, although the parties had agreed to have the instant motion heard first.
On February 19, 2004, Post Performance filed the instant six-count complaint for declaratory judgment under 28 U.S.C. § 2201, the Declaratory Judgment Act (Count I), breach of contract (Count II), tortious interference with contract and *836 business expectancy (Count III), disparagement (Count IV), quantum meruit (Count V), and unjust enrichment (Count VI). (Doc. 1 at 8-17.) It characterized the action as one "for a declaratory judgment under 28 U.S.C. § 2201(a) concerning the respective intellectual property rights of the parties under the United States Patent Act, 35 U.S.C. § 1, et seq., and the Lanham Act, 15 U.S.C. § 1051, et seq., as well as their respective rights regarding Renaissance's purportedly confidential, proprietary or `trade secret' information." Post Performance then indicated that the other related claims were being brought under Missouri law and claimed subject matter jurisdiction existed under 28 U.S.C. §§ 1331, 1338, 1367, and 2201. (Id. at 2.)
Post Performance attached to its complaint a January 8, 2004 cease and desist letter from Renaissance's counsel, R. Betty Tufariello. The letter states the following. "Renaissance is the owner of valuable intellectual property rights, including patent and trade dress rights, in the Renaissance footwear, i.e., the `slides'[1], which are the subject matter of the Renaissance/Post Performance LLC dispute." The slides' distinctive appearance "is recognized by the public as an indication of origin, and thus, functions as a trademark." Renaissance owns "three currently pending design patent applications directed to the design of the slides' side land sock design, center land sock design and upper design" and "anticipate[s] receipt of the patents covering these three designs shortly." Post Performance's continued sales and offers for sale of footwear embodying the above-described designs "constitute trade dress infringement of Renaissance's trade dress and design patent rights embodied in its slides." Further, "[i]n view of the extraordinary value of the Renaissance patent and trade dress rights, it is apparent that Post Performance's continued sale and offering of infringing products is obviously willful." Finally, the letter threatened litigation for "patent and trade dress infringement and unfair competition." (Id. Ex. 1 at 1-2.)
As to Count I, Post Performance alleges in the complaint that its representatives made suggestions in the design and other aspects of the slides during the non-exclusive relationship between the parties. (Doc. 1 at 8 (¶ 42).) In addition to alleging that it had not infringed any valid patent, trademark, trade dress, or other intellectual property rights of "Defendant," and had not misappropriated any confidential, proprietary, or trade secret information of Renaissance (id. at 9 (¶ 47)), Post Performance alleges, to the extent the court determines Renaissance has valid intellectual property rights, that it seeks a declaration of its rights with respect to the same (id. (¶ 49)).
On May 17, 2004, defendants jointly moved to dismiss Post Performance's complaint for lack of subject matter jurisdiction and to remand the case to the Circuit Court of St. Louis County pursuant to 28 U.S.C. § 1447(c). (Doc. 12.) Defendants argue that no federal jurisdiction exists, because no justiciable case or controversy existed at the time Post Performance commenced this action, because no patent had been issued to Renaissance at that time. (Doc. 13 at 4-7.) Next, they assert that remand to state court is proper, because all that remains in Post Performance's complaint upon dismissal of Count I are claims that constitute mandatory counterclaims under Missouri Supreme Court Rule 55.32. Finally, they submit that supplemental jurisdiction under § 1367 falls with the dismissal of Count I. (Id. at 7-9.)
*837 Post Performance argues that it has asserted more than one basis for its declaratory judgment action, i.e., not only patent infringement but also infringement of trade dress rights under the Lanham Act. This alone, Post Performance contends, constitutes a federal question and is a basis for subject-matter jurisdiction.[2] (Doc. 19 at 1-7.) Additionally, it argues that the court has supplemental jurisdiction over the state law claims under § 1367.
Defendants reply that the court must dismiss the action because Post Performance is trying to use the Declaratory Judgment Act for a suit that is essentially defensive or reactive to the state action. (Doc. 21 at 2-4.) They also assert that, because jurisdiction under the Lanham Act is concurrent in federal and state courts, remanding the present matter to the state court as a mandatory counterclaim under Rule 55.32 does not violate federal jurisdictional laws. (Id. at 4-5.)
Citing Heineken Tech. Services v. Darby, 103 F.Supp.2d 476 (D.Mass.2000), Post Performance rejoins that, "[u]nlike the question of patent infringement, the issue of Post Performance's rights in the underlying invention is ripe for judicial intervention." Moreover, it argues that because Count I arises under the United States Patent Act, the issue of its rights in the invention is also a matter of exclusive federal jurisdiction under § 1338(a). (Doc. 24 at 9-10.)

II. DISCUSSION
Defendants' request for remand is not an action this court could take, because the action was not removed from state court. See 28 U.S.C. § 1447 (remand is a procedure available for removed cases); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 467 (6th Cir.2002) ("while a district court has the discretion to remand a case removed from state court, it may not remand a case that was never removed from state court"); Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 750-51 (3rd Cir.1993) (the substantive rights of the litigants differ depending on whether they are parties to a case originally filed in federal court or parties to a case which was removed from state court; lack of subject matter jurisdiction terminates a case originally filed in federal court because Federal Rule of Civil Procedure 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites).
Regarding the dismissal issue, the Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "In addition, ... for a federal court to have jurisdiction over an actual controversy, a federal question arising under the Constitution, laws or treaties of the United States must be involved, 28 U.S.C. § 1331, since it is well-settled that the Declaratory Judgment Act does not expand the jurisdiction of the federal courts." Starter Corp. v. Converse, Inc., 84 F.3d 592, 594 (2d Cir.1996) (per curiam) (internal quotations omitted); accord Prudential Ins. Co. of Am. v. Rand & Reed Powers P'ship, 972 F.Supp. 1194, 1202-03 (N.D.Iowa 1997).
Thus, the court must first determine whether a federal question exists, and, if it *838 does, whether the dispute presents a substantial controversy or merely an abstract question. Mo. ex rel. Mo. Highway & Transp. Comm'n v. Cuffley, 112 F.3d 1332, 1337 (8th Cir.1997); Starter Corp., 84 F.3d at 594.
A. Rights Under the Lanham Act
Post Performance's complaint in Count I seeks a declaration of the parties' rights under the Lanham Act. This satisfies the federal question requirement. See Certainteed Corp. v. Cellulose Insulation Mfrs. Ass'n, No. CIV.A. 02-CV-6691, 2003 WL 1562452, at *1 n. 1 (E.D.Pa. Mar. 24, 2003) ("Count One of Certainteed's complaint is pursuant to the Lanham Act, ... thus satisfying the federal question requirement.").
Having determined that a federal question exists, the court concludes that the dispute regarding trade dress infringement presents a substantial controversy. The cease-and-desist letter from Renaissance accused Post Performance of trade dress infringement; Post Performance, in the complaint, denies the accusation of such infringements. The letter made substantial statements and was more than merely "overenthusiastic" in tenor.
The two cases cited by defendants, BASF Corp. v. Symington, 50 F.3d 555 (8th Cir.1995), and Intern. Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir.1995), cert. denied, 516 U.S. 1072, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996), do not warrant dismissal of this action.
In BASF, the Eighth Circuit recognized that, in exercising their discretion whether to entertain declaratory actions, some courts, including the Eighth Circuit, "have on occasion stated that declaratory actions founded exclusively on a defense to a state law claim should be dismissed as a tactical maneuver calculated to deny potential plaintiffs of their traditional right to choose the forum and time of suit." 50 F.3d at 558. But the Eighth Circuit also noted that "courts regularly consider the merits of affirmative defenses raised by declaratory plaintiffs, and so [the defendant] is off the mark in advocating a blanket prohibition on raising affirmative defenses by declaratory action." Id. at 558-59. Although the Eighth Circuit vacated the judgment granting declaratory relief and remanded with directions for the district court to dismiss the complaint, the court did so because it was "convinced that BASF's declaratory action in North Dakota [wa]s chiefly calculated to take advantage of favorable statute of limitations law." Id. at 559.
Here defendants do not argue that a statute-of-limitations issue exists or that the Lanham Act portion of Count I is a compulsory counterclaim to the state court action. See id. at 559 ("[W]here a declaratory plaintiff raises chiefly an affirmative defense, and it appears that granting relief could effectively deny an allegedly injured party its otherwise legitimate choice of the forum and time for suit, no declaratory judgment should issue."). Moreover, Post Performance's declaratory action was filed at least in part because of a legitimate controversy that existed between these two parties.
In Angoff, plaintiff filed his claim for declaratory judgment only after its removal petition was denied. Angoff, 58 F.3d at 1270. Similar to BASF, the Eighth Circuit again recognized that declaratory actions founded exclusively on a defense to a state law claim should be dismissed as a tactical maneuver. Angoff, 58 F.3d at 1270. ("[T]he Declaratory Judgment Act is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions.").
*839 Unlike Angoff, the instant case presents no argument before this court that Post Performance brought its action for declaratory judgment because of an inability to remove the case to federal court, or for the general purpose of creating federal jurisdiction where none exists. On the contrary, Post Performance noted a legitimate controversy between the two parties and properly requested declaratory judgment to frame its rights in the dispute. There is nothing in Renaissance's state court petition indicating claims related to trademark or patent. This court finds persuasive Post Performance's argument that its motive for filing the complaint for declaratory judgment was in response to the January 8, 2004 cease and desist letter, whereby Renaissance alleged Post Performance was violating its federal rights.
B. Section 1338(a) Jurisdiction
The portions of Count I in which Post Performance seeks a determination of its rights in the intellectual property at issue, i.e., the slides, is properly before the court. In reaching this conclusion, the court finds persuasive the analysis and result set forth in Heineken, which held that the declaratory judgment plaintiff's complaint established § 1338(a) jurisdiction.[3]See Heineken, 103 F.Supp.2d at 477-80. In that case, Heineken Technical Services sought a declaratory judgment that the employees of a business (which had assigned all rights to invention to Heineken) were the rightful and proper inventors of technology claimed in the defendant's pending patent application. Id. at 478. Heineken asserted that its claim for declaratory judgment implicated numerous provisions of federal patent law. Id.
The district court recognized that
§ 1338(a) jurisdiction ... extends only to those cases in which a well-pleaded complaint establishes either [, (1)] that federal patent law creates the cause of action or [(2)] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.
Id. at 477-78 (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Because Heineken asserts that its declaratory judgment claim met the second jurisdictional basis under Christianson, the court required Heineken to establish (1) that the applicable patent law issues were raised in a well-pleaded complaint; (2) that the patent law issues were a necessary element of the declaratory judgment count; and (3) that the patent law issues were substantial enough to justify jurisdiction. Id. at 478. The court found that Heineken had established all three elements.
In the instant case, Post Performance's complaint raises a federal patent law issue insofar as plaintiff seeks to determine its rights in the design patents and intellectual property at issue in this case. While the complaint does not cite a specific statutory provision in support for its claims, such precision is not required for this court to conclude the "rights" Post Performance asserts will involve issues of federal patent law. See Heineken, 103 F.Supp.2d at 478 ("While the Complaint does not cite to specific statutory provisions, Plaintiff convincingly argues that this claim implicates federal patent law provisions covering inventorship on patent *840 applications under 35 U.S.C. § 116."). Post Performance notes in its surreply brief that it intends to claim inventorship of the underlying invention at issue, necessitating a review of federal patent law. (Doc. 28 at 2).
In order for the patent law issues to be a necessary element of the declaratory judgment count and form a basis for jurisdiction under § 1338(a), patent law must be essential to any alternative theory in the complaint. Christianson, 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories."). There is no indication in the record that Post Performance's claim of interest in the intellectual property at issue is based on a theory other than United States patent law. See Christianson, 486 U.S. at 813, 108 S.Ct. 2166 (holding petitioners' Sherman Act claim did not implicate patent law essential to every alternative theory because the complaint, on its face, set forth a non-patent theory).
Post Performance's patent law issues are substantial enough to justify federal jurisdiction. It is well-settled that issues of patent inventorship satisfy the "substantial enough" requirement. Hunter Douglas, Inc., v. Harmonic Design, Inc., 153 F.3d 1318, 1330 (Fed.Cir.1998) ("Post-Christianson, we have held that, for purposes of section 1338(a) jurisdiction, at least four issues of federal patent law are substantial enough to satisfy the jurisdiction test. They [include] ... inventorship issues under 35 U.S.C. §§ 116, 256...."). Post Performance's complaint states that it "made suggestions in the design and other aspects of the slides." (Doc. 1 at 8). Further, Post Performance asserted that it has a basis for claiming inventorship in the product at issue. (Doc. 28 at 2). For these reasons, the court concludes there is an inventorship issue providing a substantial enough issue for federal jurisdiction.
C. The Court's Discretionary Authority to Grant Declaratory Relief
Even upon establishing subject matter jurisdiction, the court has discretion to decline jurisdiction. See Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); State Farm Fire & Casualty Co. v. Corry, 324 F.Supp.2d 666, 669-70 (E.D.Pa.2004) ("Even when subject matter jurisdiction is otherwise present, the court's exercise of its power to grant declaratory relief pursuant to the Declaratory Judgment Act [ ] is discretionary."). Defendants argue the court's authority to grant declaratory relief is discretionary and, with respect to the case at hand, the court should not exercise its authority, there existing an alternative means of relief via the Patent and Trademark Office. Post Performance contends equity and public policy require the court exercise its jurisdiction. The court does not find defendants' arguments persuasive.
In Verizon Communications, Inc. v. Inverizon Int'l, Inc., Inverizon (defendant) sent a cease and desist letter to Verizon (plaintiff) alleging Verizon was infringing on its federal rights in violation of the Lanham Act. Verizon, 295 F.3d 870, 871 (8th Cir.2002). Verizon filed an action in district court for declaratory judgment in its rights under federal patent law and for adjudication of state law claims. Id. at 872. Shortly thereafter, Inverizon filed a suit in state court alleging only state causes of action despite its assertion of federal rights in the cease and desist letter. Id. The district court stayed the pending declaratory judgment action in part because the two pending actions involved the same issues between the same parties, and in the interest of judicial economy. Id. at 874.
*841 The Eighth Circuit reversed. Id. at 875. The court based its decision primarily on the fact the district court did not note that the state court action did not contain a federal claim. Id. at 873-74 ("The district court failed to consider the fact that federal law governs the primary claims raised in the declaratory judgment suit and only issues of state law are raised in the state court action. The district court abused its discretion in failing to consider this significant factor."); see Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785, 790 (8th Cir.1998) (holding the federal character of a claim supports denial of abstention).
The case at bar is similar to Verizon in that Renaissance sent a cease and desist letter to Post Performance threatening federal action, while subsequently filing a state court action void of any federal claim. While the court does have discretion whether to entertain an action for declaratory judgment, not to do so in this case would not serve the principle of comity or further judicial economy. There is no indication from the pleadings that such a level of technical expertise is required so as to make this court a less proper forum than the Patent and Trademark Office. Moreover, to the extent that Post Performance's claim requires resolution of United States patent law, exclusive jurisdiction is vested in the federal courts. See 28 U.S.C. § 1338(a).
Therefore,
IT IS HEREBY ORDERED that the joint motions of defendants Renaissance Imports, Inc., and Michael Carmody to dismiss and to remand (Docs. 11 and 12) are denied. The court will proceed to issue an order for a Rule 16 scheduling conference.
NOTES
[1] A "slide" is a type of footwear design.
[2] In a footnote, Post Performance requests, to the extent there is any confusion regarding the basis for its declaratory judgment count, leave to file an amended complaint removing patent infringement as a basis for the court's jurisdiction and further identifying the trade dress/Lanham Act as the jurisdictional basis. (Id. at 4 n. 5.)
[3] The statute reads: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents ... and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent ... cases." 28 U.S.C. § 1338(a).